UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JASMINE RANGEL,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

NO. **CV-10-3096-LRS**

**ORDER OF DISMISSAL**

    The *pro se* Complaint alleges that various items of personal property were unconstitutionally seized by federal, state, and municipal law enforcement agencies. Although Jasmine Rangel is named as the only "Plaintiff" in the caption, the Complaint is also signed by a Rogelio Moreno-Garcia in addition to Ms. Rangel. Furthermore, it is alleged that items belonging to Mario Gutierrez, Anthony Magana, Santiago Mendoza, and Israel Moreno were illegally seized, although those items are not specifically identified and these individuals are not named as Plaintiffs.

    The court notes this Complaint appears to recycle allegations of unconstitutional property deprivation contained in *pro se* lawsuits previously filed by these Plaintiffs and others which were dismissed by the Honorable Edward F. Shea for insufficient service of process (CV-09-3061-EFS and CV-09-3123-EFS). All of the allegations arise out of law enforcement searches of several different residences in April 2009, including 231 Windy Ridge Lane in Moxee, Washington, which is listed as the address of Jasmine Rangel and Rogelio

**ORDER OF DISMISSAL-**        **1**

Moreno-Garcia.[1] The court is aware of at least one criminal Indictment arising from those searches, that being *United States of America v. Juvenal Moreno-Garcia*, CR-09-2054-RHW, a case in which Ms. Rangel unsuccessfully attempted to intervene. The Defendant in that case pled guilty to being an Alien In Possession Of A Firearm, but he has yet to be sentenced and he is currently a fugitive for whom an arrest warrant has been issued.

Neither the negligent or intentional random or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994). There is an adequate state post-deprivation remedy by way of the state tort claims procedure outlined in RCW Chapter 4.92. This remedy is available against the state and its officers. Tort claims against local governmental entities and their agents are governed by RCW Chapter 4.96.

A *Bivens*[2] claim against the United States for federal constitutional violations is not cognizable. A federal government entity (i.e., United States of America, Immigrations and Customs Enforcement Agency, U.S. Border Patrol) is not a proper *Bivens* defendant because of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996 (1994). Furthermore, the *Hudson* rule also

---

[1] 231 Windy Ridge Lane in Moxee also happens to be the address listed for a Wayne Rudder, aka Antolin Andrew Marks, who has recently filed numerous pro se lawsuits in this court. This court is aware this individual has been declared by the Western District of Washington to be a vexatious litigant and that he is subject to a pre-filing review order in that district.

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). 42 U.S.C. Section 1983 provides no right of action against federal officials. *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986). 42 U.S.C. Section 1983 redresses only constitutional injury caused by the state or its officials.

**ORDER OF DISMISSAL-**             2

applies in a *Bivens* action in that a negligent or intentional random or unauthorized deprivation of property is not cognizable where there exists an adequate post-deprivation remedy. The Federal Tort Claims Act (FTCA), 28 U.S.C. Section 1346, provides such a remedy for torts committed by federal officers.

In addition to the post-deprivation remedies available through the federal, state and municipal tort claims procedures referred to above, there is currently pending in this court a civil forfeiture action (CV-09-3087-EFS) involving some of the property alleged to have been unconstitutionally seized. Individuals who assert interests in that property have the ability to file claims to the property, and indeed Jasmine Rangel, Rogelio Moreno-Garcia, Mario Gutierrez, Israel Moreno, and Juvenal Moreno-Garcia have been deemed "claimants" in that action. Rangel and Rogelio Moreno-Garcia filed an Answer to the Complaint filed by the United States and recently filed a Motion For Summary Judgment as well.

The captioned action is **DISMISSED WITH PREJUDICE** and Plaintiffs' Motion To Obtain ECF Login and Password (Ct. Rec. 4) is **DENIED** as moot. Furthermore, Plaintiffs are **CAUTIONED** that the filing of any additional 42 U.S.C. Section 1983 and/or *Bivens* actions based on the allegations contained in CV-09-3061-EFS, CV-09-3123-EFS, and the captioned action, will be scrutinized to determine if Plaintiffs should be deemed "vexatious litigants" and a pre-filing review order  entered against them.

**IT IS SO ORDERED.** The District Court Executive shall enter Judgment accordingly and provide copies of the Judgment and this order to Plaintiffs, and **CLOSE** this file.

**DATED** this    3rd     day of December, 2010.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

**ORDER OF DISMISSAL-**             3